## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WUNNER, | : | Civil No. 3:21-cv-1 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT ROBERT MARSH, | : | |
| et al., | : | |
| | : | |
| Respondents | : | |

### MEMORANDUM

Petitioner William Wunner ("Wunner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), seeking relief from an aggregate sentence of 24 to 48 years' imprisonment entered in the Court of Common Pleas of Luzerne County, Pennsylvania, on April 15, 2016, in criminal case CP-40-CR-0003445-2014, following his January 20, 2016 conviction of rape of a child and several related crimes.  The petition is ripe for disposition.  For the reasons discussed below, the Court will deny the petition.

### I.      State Court Factual Background & Procedural History[1]

On December 9, 2014, Wunner was charged with rape of a child, involuntary deviate sexual intercourse, two counts of aggravated indecent assault, endangering the welfare of a

---

[1]      A federal habeas court may take judicial notice of state court records.  *Minney v. Winstead*, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).  Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets in the Court of Common Pleas of Luzerne County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

child, corruption of minors, indecent assault, and indecent exposure. *Commonwealth v. Wunner*, No. CP-40-CR-0003445-2014 (Pa. Ct. Com. Pl. Luzerne Cnty.). In January 2016, a jury convicted Wunner of all charges. *See id.* On April 15, 2016, the trial court imposed a sentence of 24 to 48 years of incarceration. *See id.*

Wunner filed a timely direct appeal. (Doc. 13-1, pp. 95-96). On August 7, 2017, the Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Wunner*, 817 MDA 2016, 2017 WL 3379199 (Pa. Super. 2017). Wunner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on January 17, 2018. *Commonwealth v. Wunner*, 179 A.3d 439 (Pa. 2018).

On December 18, 2018, Wunner filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 13-1, pp. 206-216). Counsel was appointed to represent Wunner. Following a hearing, the PCRA court denied the petition on August 21, 2019. (Doc. 13-1, pp. 217-223).

On September 19, 2019, a counseled notice of appeal was filed and docketed to 1527 MDA 2019. (Doc. 13-1, pp. 224-226). On September 20, 2019, a *pro se* notice of appeal was filed and docketed to 1555 MDA 2019. On December 13, 2019, the appeal at 1555 MDA 2019 was quashed as duplicative. Appellate counsel then filed a *Turner/Finley*[2]

---

[2]  *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

application to withdraw and no-merit letter. (Doc. 13-1, pp. 248-260). The following issues

were raised on appeal:

> Appellant's PCRA counsel filed in this Court an application to withdraw as
> counsel and a no-merit letter, wherein counsel presented for our review the
> following issues raised below in Appellant's PCRA petition:
>
> 1. [Was] trial counsel ineffective in failing to utilize the expert
>    retained for trial?
>
> 2. [Was] trial counsel ineffective with regard to his questioning in
>    preparation for trial?
>
> 3. [Did] the trial counsel commit[ ] errors of law [by] failing to object
>    to evidentiary rulings and by failing to move for mistrial?
>
> *Turner/Finley* brief, at 1.
>
> In response to counsel's *Turner/Finley* brief, Appellant has submitted a *pro se*
> brief raising the following issues:
>
> 1. [Did] the actions of the PCRA court coupled with PCRA counsel's
>    unwillingness to advocate for Appellant during the PCRA
>    proceedings amount[ ] to a denial of counsel at a critical stage?
>
> 2. [Did] the PCRA court err[ ] and violate[ ] Appellant's due process
>    rights when it failed to grant Appellant an extension of time so he
>    could file objections to counsel's motion to withdraw and amend
>    his petition?
>
> 3. In considering Appellant's objections to the so-called *Anders*
>    brief, does this Court have authority to consider the claim raised
>    in Appellant's timely objections as such claim regarding counsel's
>    ineffectiveness for failure to object to the testimony of Doctor
>    Gary Lawrence when he opined that A.W. was sexually abused
>    when such opinion was predicated on the witness accounts and
>    not physical findings which was an error, as such claim disputes
>    the *Anders* brief?

Appellant's *pro se* brief, at 4 (unpaginated).

*Commonwealth v. Wunner*, 237 A.3d 448, 2020 WL 2394282, *1-2 (Pa. Super. 2020).

Upon review, the Pennsylvania Superior Court found that the issues identified by appellate counsel were meritless. *Id.* at *3. The Court then addressed Wunner's *pro se* filing and found no merit to his claims that there was a conflict of interest on the part of PCRA counsel and that the PCRA court was required to grant his motion for a continuance because of the inherent conflict. *Id.* at *3-4. The Superior Court then considered Wunner's claim that trial counsel was ineffective for failing to object when the Commonwealth's medical expert testified that he believed the victim was sexually assaulted even though the medical examination was not consistent with her narrative. *Id.* at *4. In support of this argument, Wunner relied on *Commonwealth v Maconeghy*, 171 A.3d 707 (Pa. 2017) (holding that "an expert witness may not express an opinion that a particular complainant was a victim of sexual assault based upon witness accounts couched as a history, at least in the absence of physical evidence of abuse."). *Id.* The Superior Court noted that the PCRA court did not address this issue and, thus, remanded the matter for the PCRA court's preparation of a 1925(a) opinion addressing the merits of Wunner's claim that he was entitled to a new trial pursuant to *Maconeghy*. *Id.*

On remand, the PCRA court denied relief. (Doc. 13-1, pp. 304-310). On October 8, 2020, the Superior Court found that the PCRA petition lacked merit, affirmed the order of the PCRA court dismissing the petition, and granted counsel's motion to withdraw.

4

*Commonwealth v. Wunner*, 241 A.3d 396, 5959992 (Pa. Super. 2020).  Wunner did not file

a petition for allowance of appeal with the Pennsylvania Supreme Court.

Wunner then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  (Doc. 1).

## II.    Habeas Claims Presented for Federal Review

Wunner seeks federal review of the following issues:

- Ground One: Trial counsel was ineffective for failing to object to the testimony of Dr. Lawrence, the Commonwealth's medical expert

- Ground Two: Trial counsel was ineffective for failing to investigate and call an expert witness

- Ground Three: PCRA counsel was ineffective

- Ground Four: Wunner's due process rights were violated due to the ineffectiveness of trial counsel and PCRA counsel

(Doc. 1).

## III.    Legal Standards

### A.    Exhaustion and Procedural Default

Before the federal court can consider the merits of a habeas claim, a petitioner must

comply with the exhaustion requirement of section 2254(b), which requires a petitioner to

"give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process."  *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845 (1999).  Exhaustion requires the petitioner to present to the

state courts the same factual and legal theory supporting the claim. *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990). It also requires the petitioner to preserve each claim at the state appellate level. *See Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (exhaustion satisfied only if claim fairly presented at each level of the state court system) (citing *O'Sullivan*, 526 U.S. at 844-45). The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction

6

counsel's ineffectiveness to establish cause to overcome the default of a substantial claim

of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To

establish prejudice, a petitioner must prove "'not merely that the errors at...trial created a

possibility of prejudice, but that they worked to his actual and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*,

856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule

of procedural default, the Supreme Court requires that the petitioner show that a

"constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496).

This requires that the petitioner supplement his claim with "a colorable showing of factual

innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477

U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of

factual innocence. *Schlup*, 513 U.S. at 324.

### B.    Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore,

that review on the merits of the issues presented in a habeas petition is warranted, the

scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

(1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005).  This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a habeas petitioner

"must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record.  28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction."  *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)(3)).  Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief.  *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

### C.     Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  This right to effective

assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding

would have been different.  *See Strickland*, 466 U.S. at 694.  "A reasonable probability is a

probability sufficient to undermine confidence in the outcome."  *Id.*  Moreover, the petitioner

must show that he or she had a reasonable likelihood of prevailing on the motion at issue,

and having prevailed on the motion, it was also reasonably likely that the result of the trial

would have been different.  *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy

both prongs of the *Strickland* test.  *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002).

The inquiry may begin with either the deficient performance or prejudice prong, and the

court is not required to consider the second prong of the test if the petitioner is unable to

satisfy the first one.  *Strickland*, 466 U.S. at 697.

IV.   **Discussion**

A.   **Ground One—Trial Counsel's Alleged Failure to Object to the Testimony of Dr. Lawrence**

Wunner first alleges that trial counsel was ineffective for failing to object to the

testimony of Dr. Lawrence, the Commonwealth's medical expert.[3]  (Doc. 1, p. 5).  In

---

[3]   It is Respondents' position that the sub-claim in Ground One, that "[t]he testimony offered by Dr. Lawrence was inadmissible because the testimony intruded into the providence of the jury relative to determining credibility," to the extent it is a substantive claim based on *Maconeghy*, has never been presented to state court, and, consequently, is procedurally defaulted.  (Doc. 1, p. 5; Doc. 13, pp. 10-11). Wunner counters that the argument was raised in his PCRA petition.  (Doc. 17, pp. 15-17).  The Court finds that this claim was pursued in state court and addressed in the context of an ineffective assistance of counsel claim.

affirming the PCRA court's denial of this claim, the Pennsylvania Superior Court found as

follows:

> Appellant asserts that trial counsel rendered ineffective assistance of counsel by failing to object appropriately when the prosecutor asked its medical expert whether, based on his experience and in light of the victim's allegations, he had a medical opinion about whether the absence of physical evidence of the victim's sexual abuse could still be consistent with her having been sexually abused. He submits that asking for such an opinion ran afoul of the proscription announced in *Maconeghy.*
>
> The trial transcript sets forth the following relevant exchange:
>
>> PROSECUTOR: Dr. Lawrence, do you have an opinion based upon your education, your training and experience as well as your entire examination that you conducted with (victim), including the history that she gave you that's within a reasonable degree of medical certainty as to whether or not her findings upon examination could still be consistent with slight penetration beyond the exterior labial lips?
>>
>> DEFENSE COUNSEL: Objection to the form. Would you clean that up?
>>
>> PROSECUTOR: I'm not sure how much clearer—
>>
>> DEFENSE COUNSEL: Can't the doctor read his addendum into the record?
>>
>> THE COURT: Overruled. It's a fair question.
>>
>> DEFENSE COUNSEL: *I believe it's a conclusion.*
>
> N.T. Trial, 1/20/16, at 135-36 (emphasis added).
>
> The record shows defense counsel objected to the Commonwealth's question as one suggesting a conclusion. Specifically, the prosecutor asked the medical expert if he could opine whether or not the victim's negative physical examination was consistent with her having been penetrated when viewed

only in light of his professional experience and his having received the victim's statement that she was penetrated.

Under the circumstances, the objection to the "conclusion" invited by such a question necessarily sought to preclude the very type of testimony prohibited in *Maconeghy*, that is, an expert opinion that usurps the jury's role as sole arbiter of a victim's credibility in the absence of physical evidence of abuse. Indeed, the testifying doctor himself understood the question in this way, as he offered such a conclusion, answering, "Yes, I believe I could say with a good degree of certainty that that's what happened. It was consistent, yes." N.T. at 136.

The notes of testimony thus show trial counsel's objection reflected a *Maconeghy* concern that the Commonwealth's question as framed asked the medical expert to offer a pivotal conclusion on penetration, unsupported by physical evidence, based only on his background in science and his assessment of the victim's allegation. Further evidence of counsel's concern in this regard is found in counsel's request that the expert read into the record his own independent medical opinion tendered prior to trial instead of providing testimony that simply tracked the prosecutor's language that penetration in this case could have occurred despite the lack of physical evidence of abuse. When viewed in conjunction, therefore, defense counsel's objection and follow-up request of the court were directed against the very concerns raised in *Maconeghy*.

Based on the foregoing, we find that Appellant cannot prevail on his ineffective assistance of trial counsel claim, as there is no arguable merit to his contention that trial counsel failed to raise an appropriate objection to the prosecutor's questioning of the medical expert witness. The only conclusion responsive to the prosecutor's narrowly tailored question would have been an expert opinion as to whether penetration could have occurred in the victim's case, without physical evidence of such abuse, where the victim said it occurred. Trial counsel objected to this conclusion and requested that the court simply allow the expert to recite his previously prepared opinion to the jury. Contrary to Appellant's contention, counsel's objection and subsequent advocacy, therefore, were grounded in the Supreme Court's *Maconeghy* decision.

As our independent review of the record reveals no other meritorious claim, we conclude Appellant's PCRA petition is without merit.

*Commonwealth v. Wunner*, 2020 WL 5959992, at *2-3.

On appeal, the Superior Court discerned no arguable merit to Wunner's claim. *Id.* In so finding, the Court stated "[t]he only conclusion responsive to the prosecutor's narrowly tailored question would have been an expert opinion as to whether penetration could have occurred in the victim's case, without physical evidence of such abuse, where the victim said it occurred. Trial counsel objected to this conclusion and requested that the court simply allow the expert to recite his previously prepared opinion to the jury. Contrary to Appellant's contention, counsel's objection and subsequent advocacy, therefore, were grounded in the Supreme Court's *Maconeghy* decision." *Id.* at *3.

The state court reasonably applied the *Strickland* standard in finding that the underlying claim lacked arguable merit. It is clear that trial counsel did in fact object to the testimony of the Commonwealth's medical expert. Further, the factual findings are objectively reasonable in light of the evidence presented. Wunner is not entitled to relief on this claim.

**B.      Ground Two—Trial Counsel's Failure to Present an Expert Witness**

Wunner next alleges that trial counsel was ineffective for failing to present an expert witness to testify on his behalf. (Doc. 1, p. 6). This claim was fully adjudicated during the PCRA proceedings.

The Superior Court set forth the following standard of review in considering the ineffective assistance of counsel claim:

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel.  42 Pa.C.S.A. § 9543(a)(2)(ii).  "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him."  *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted).  "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice."  *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*).  "A petitioner must prove all three factors of the "Pierce2 test," or the claim fails."  *Id.*  In other words, "[t]he burden of proving ineffectiveness rests with Appellant."  *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

*Commonwealth v. Wunner*, 2020 WL 2394282, at *2.

The Third Circuit has held that the ineffectiveness assistance of counsel test relied upon by the state court in this matter is not contrary to the Supreme Court's *Strickland* standard.  *See Werts*, 228 F.3d at 203, 204.  Wunner does not argue otherwise.

Applying appropriate AEDPA deference, the Court must assess whether, even assuming counsel's performance was deficient, the Superior Court's decision that Wunner did not suffer prejudice "'involved an unreasonable application of' such law," *Richter*, 562 U.S. at 100 (quoting 28 U.S.C. § 2254(d)(1)), an assessment that requires the Court to examine whether he has shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," with "a reasonable probability" meaning "a probability sufficient to undermine confidence in the outcome," *Strickland*, 466 U.S. at 694.  Since *Strickland*, the United States Supreme Court

has repeatedly emphasized the necessity of assessing an ineffectiveness claim in light of all

the circumstances. *See Wiggins*, 539 U.S. at 533; *Roe v. Flores-Ortega*, 528 U.S. 470, 478

(2000); *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).   Notably, when assessing

prejudice, "a court hearing an ineffectiveness claim must consider the totality of the

evidence before the judge or jury."   *Strickland*, 466 U.S. at 695; *see Williams*, 529 U.S. at

398 (describing state prejudice determination as unreasonable for failing to evaluate the

totality of the evidence).

      The PCRA court held a hearing on this claim and noted that trial counsel retained an

expert witness, but counsel ultimately decided not to call the witness.   (Doc. 13-1, pp. 216-

219).   After reviewing the evidence, the PCRA court denied the petition.   The Pennsylvania

Superior Court affirmed the PCRA court's denial of this claim, and set forth the following:

> The first issue…asserts Appellant's position raised below that trial counsel
> rendered ineffective assistance by failing to use an expert retained for trial.  At
> the evidentiary hearing, however, Appellant could identify neither the expert
> nor the substance of the expert's opinion.
>
> "Where a defendant claims that counsel was ineffective for failing to call a
> particular witness, we require proof of that witness's availability to testify, as
> well as an adequate assertion that the substance of the purported testimony
> would make a difference in the case." *Commonwealth v. Clark*, 961 A.2d 80,
> 90 (Pa. 2008).  The most Appellant could maintain at the evidentiary hearing
> was his belief there was a "50/50" likelihood that the expert's opinion would
> have helped him.  N.T., 8/21/19, at 5-6.  Thus given no meaningful discussion
> of the expert's opinion or what difference it could have made at Appellant's
> trial, the PCRA court committed no error in concluding Appellant failed to
> meet his burden of proving trial counsel's ineffectiveness on this claim.

*Commonwealth v. Wunner*, 2020 WL 2394282, at *3.

To reiterate, when considering the prejudice prong of *Strickland*, a court must evaluate the effect of counsel's inadequate performance in light of the totality of evidence. This Court does not inquire as to whether the Court "believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted) (internal quotation marks omitted).  Under this demanding standard, Wunner fails to show that the state courts' decisions were an unreasonable application of *Strickland* or that they were an unreasonable application of the facts in light of the evidence presented.  In evaluating prejudice, the Superior Court considered the totality of the available evidence at the PCRA hearing.  In the Superior Court's PCRA opinion, it was noted that in establishing whether defense counsel was ineffective for failing to call a witness, a defendant must prove the witness existed, the witness was ready and willing to testify, and the absence of the witness' testimony prejudiced the defendant and denied him a fair trial.  *Id.*  In applying Pennsylvania's failure to call a witness standard to Wunner's claims, the Superior Court found that Wunner failed to meet his burden as he was unable to identify the expert witness, he was unable to elaborate as to what the testimony would have been, and he was unable to show that the testimony would have made a difference at trial. *Id.*  Wunner only stated that he believed there was a "50/50" chance that the expert's opinion could have helped him.  *Id.*  The Superior Court thus found that trial counsel was not ineffective.  *Id.*

On the whole, it is clear that the Superior Court's prejudice analysis reflected a reasonable application of "clearly established" federal law, *see Richter*, 562 U.S. at 101; *Jacobs*, 395 F.3d at 106.  It was also a reasonable determination of the facts in light of the evidence presented.  Moreover, the United States Court of Appeals for the Third Circuit has held that the precise choice made here, to forego calling certain witnesses, is an appropriate tactical decision that does not entitle a petitioner to habeas corpus relief on the grounds of ineffective assistance of counsel.  *Alexander v. Shannon*, 163 F. App'x 167, 175 (3d Cir. 2006).  *See also Sanders v. Trickey*, 875 F.2d 205, 212 (8th Cir. 1989) (trial counsel's failure to call a witness "is precisely the sort of strategic trial decision that *Strickland* protects from second-guessing").  Accordingly, Wunner is not entitled to relief on this claim.

## C.    Ground Three—Ineffectiveness of PCRA Counsel

Wunner asserts that PCRA counsel was ineffective during post-conviction proceedings.  (Doc. 1, p. 8).  Wunner is not entitled to habeas relief on this claim to the extent he asserts it as a standalone claim.  Wunner did not have a federal constitutional right to counsel during his PCRA proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); therefore, he cannot receive habeas relief on a standalone claim that his PCRA counsel was ineffective.  This concept is codified by statute at 28 U.S.C. § 2254(i), which expressly provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under

section 2254." *See also Coleman*, 501 U.S. at 752-53 ("There is no constitutional right to an attorney in state post-conviction proceedings. . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). Thus, Wunner's standalone ineffectiveness of PCRA counsel claim is not cognizable as a basis for habeas relief.

In his Traverse, Wunner adds an ineffective assistance of counsel claim to Ground Three arguing that "PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness during the collateral proceeding." (Doc. 17, p. 17). He seeks to have the claim considered under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.*). *Martinez* recognized a "narrow exception" to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default. Specifically, *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To successfully invoke the *Martinez* exception, a petitioner must satisfy two factors: that the underlying, otherwise defaulted, claim of ineffective assistance of trial counsel is "substantial," meaning that it has "some merit," *id.* at 14; and that petitioner had "no counsel" or "ineffective" counsel during the initial phase of the state collateral review proceeding. *Id.* at 17; *see also Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014). This Court does not find that any of Wunner's ineffective assistance of counsel claims were procedurally defaulted. Thus, *Martinez* does not apply.

D.     Ground Four—Due Process Claim

Lastly, Wunner alleges that his "Due Process rights were violated for Trial Counsel

and PCRA Counsel's ineffectiveness to represent Appellant at a Critical Stage" and that the

PCRA proceedings were fundamentally unfair.  (Doc. 1, p. 9; Doc. 17, p. 7).  The Court

addressed Wunner's ineffective assistance of trial counsel claims *supra*.  Regarding his

claim that the PCRA process was unfair, Wunner raised a similar issue on PCRA appeal:

that "the actions of the PCRA court coupled with PCRA counsel's unwillingness to advocate

for Appellant during the PCRA proceedings, amount[ed] to a denial of counsel at a critical

stage" and that the PCRA proceedings were "presumptively unreliable."  (Doc. 13-1, pp.

272, 276).  The Superior Court rejected this claim and reasoned as follows:

> Turning to Appellant's *pro se* brief filed in response to counsel's service of the
> *Turner/Finley* application and no-merit letter, we consider his first assertion
> that a "conflict of interest" automatically arose between PCRA counsel and
> him when counsel petitioned for withdrawal under *Turner* and the court
> denied counsel's request.  At that time, Appellant contends, the PCRA court
> was required to grant Appellant's *pro se* motion for a continuance because of
> the inherent conflict.  *See* N.T. at 2-3.  We disagree.
>
> When a court denies an appellate attorney's petition to withdraw under
> *Turner*, the ordinary course is not to presume the existence of an inherent
> conflict of interest and remand for appointment of new counsel.  Rather, it is
> to direct counsel to file either a compliant *Turner/Finley* brief to correct
> deficiencies or, if the court discerns meritorious issues to present on appeal,
> to advocate on the client's behalf.  *See, e.g.*, *Commonwealth v. Flowers*, 113
> A.3d 1246 (Pa. Super. 2015) (denying appointed counsel's petition to
> withdraw under *Anders*, and remanding for counsel to acquire complete
> record before settling on *Anders* brief or advocate's brief).  *See also*
> *Commonwealth v. Colon*, No. 422 MDA 2017, 2017 WL 6014426, at *1 (Pa.
> Super. Dec. 5, 2017) (denying PCRA counsel's petition to withdraw and
> remanding for PCRA counsel to review full record before filing an advocate's

brief or another *Turner/Finley* "no-merit" letter); *Commonwealth v. McCarty*, 117 MDA 2015, 2015 WL 7253818 (Pa. Super. Nov. 17, 2015) (denying counsel's request to withdraw and directing counsel to prepare an advocate's brief, as it disagreed with counsel's position that no meritorious issues existed).

As such, Appellant's "inherent conflict" argument is not consonant with the jurisprudence of our courts, which presumes that appointed counsel is effective and remains capable of representing the appellant's legal interests even after having sought unsuccessfully to withdraw from representation. As Appellant directs us to no authority recognizing a pertinent exception to this precept, we reject his argument on this point.

*Commonwealth v. Wunner*, 2020 WL 2394282, at *3-4.

The Superior Court's decision concerning Wunner's claim that the PCRA proceedings were "presumptively unreliable" was not contrary to, and did not involve an unreasonable application of, clearly established federal law as established by the Supreme Court. The Superior Court addressed this claim in succinct fashion noting that the claim fails because it is presumed that appointed counsel is effective and remains capable of representing a client even after being denied a request to withdraw. The habeas petition will be denied on this ground.

## V. Request for an Evidentiary Hearing

Wunner also requests that the Court hold an evidentiary hearing. (Doc. 17, pp. 9-10, 14-15, 18). AEDPA permits evidentiary hearings on habeas review in a limited number of circumstances. *See Campbell*, 209 F.3d at 286. 28 U.S.C. § 2254(e) provides:

(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a

determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(1), (2).  The initial inquiry when determining whether to grant an

evidentiary hearing is whether the petitioner has "failed to develop the factual basis" of the

claim in state court.  *See* 28 U.S.C. 2254(e)(2); *Williams*, 529 U.S. at 433.  "Under the

opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not

established unless there is a lack of diligence, or some greater fault, attributable to the

prisoner or the prisoner's counsel."  *Williams*, 529 U.S. at 433.  "Diligence will require in the

usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the

manner prescribed by state law."  *Id.* at 437.  When determining if a petitioner has been

diligent, "[t]he question is not whether the facts could have been discovered but instead

whether the prisoner was diligent in his efforts."  *Id.* at 435.  In short, if the factual basis of

the claim was not developed but the petitioner was diligent in pursuing the claim in state court, the opening phrase of § 2254(e)(2) does not bar an evidentiary hearing.  *See Lark v. Sec'y Pennsylvania Dep't of Corr.*, 645 F.3d 596, 614 (3d Cir. 2011).

However, "a petitioner who diligently but unsuccessfully seeks an evidentiary hearing in state court still is not entitled to an evidentiary hearing in federal court under AEDPA. Rather, [. . .] whether to hold a hearing for a petitioner who is not at fault under § 2254(e)(2) remains in the discretion of the district court, and depends on whether the hearing would 'have the potential to advance the petitioner's claim.'"  *Taylor v. Horn*, 504 F.3d 416, 444 (3d Cir. 2007) (citing *Campbell*, 209 F.3d at 287); *see Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (explaining that the "basic" pre-AEDPA rule leaving the decision on whether to grant an evidentiary hearing to the "sound discretion of district courts" has not changed under AEDPA).  "Where a petitioner fails to forecast to the district court evidence outside the record that would help his cause or 'otherwise to explain how his claim would be advanced by an evidentiary hearing,' a court is within its discretion to deny the claim."  *Buda v. Stickman*, 149 F. App'x 86, 90 (3d Cir. 2005).

Here, the state court held an evidentiary hearing on Wunner's ineffective assistance of counsel claims.  The state courts considered, and rejected, Wunner's claims.  Therefore, in exercising its discretion, the Court declines to hold an evidentiary hearing.

## VI.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327. Wunner failed to demonstrate that a certificate of appealability should issue.

## VII.   Conclusion

The Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October __10__, 2023